UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
CODONICS, INC., :
: CASE NO. 1:08-CV-1885
:
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 11]
DATCARD SYSTEMS, INC., :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant DatCard Systems, Inc. ("DatCard") moves this Court to dismiss Plaintiff Codonics, Inc.'s Complaint for improper venue, 28 U.S.C. § 1406(a), or, alternatively, to transfer this action to the United States District Court for the Central District of California. [Doc. 11.] Plaintiff Codonics opposes. [Doc. 45.]

To decide whether this venue is appropriate, this Court must decide if "a substantial part of the events or omissions giving rise to the claim occurred," 28 U.S.C. § 1391(b)(2), in the Northern District of Ohio. If venue is appropriate in the Northern District of Ohio, this Court must decide whether for the "convenience of the parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a), this Court should transfer the action to the Central District of California.

Because DatCard has sold products in this district and because the brunt of the harm for the allegedly breaching activity has been felt in this district, this Court holds that venue is proper in this

-1-

Case No. 1:08-CV-1885
Gwin, J.

district. Because DatCard has failed to show that the relative convenience of Central District of California is sufficient to disturb Codonics's legitimate choice in a venue, this Court will not transfer this action. Accordingly, this Court **DENIES** Defendant DatCard's motion to dismiss or transfer.

### I. Legal Standard for Adjudication of a Motion to Dismiss for Improper Venue or to Transfer Venue

When a defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. *MedQuist MRC, Inc. v. Dayani*, 191 F.R.D. 125, 127 (N.D. Ohio 1999); 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1352 (noting disagreement on which party bears the burden when a venue is challenged but concluding that placing the burden on the plaintiff "seems correct").[1]

In resolving a Rule 12(b)(3) motion, a district court can consider materials outside the pleadings, but will generally accept all well-pleaded allegations as true unless the defendant's affidavits contradict those allegations. 5B WRIGHT & MILLER § 1352.

If a court holds that venue is proper and a defendant moves for a change in venue, the defendant bears the burden of showing that the convenience of the parties and witnesses "strongly favor transfer." 14D WRIGHT & MILLER § 3801.

Under these standards, this Court will describe the facts relevant to this motion.

### II. Background Facts and Procedure

Plaintiff Codonics, Inc., headquartered in the Northern District of Ohio, and Defendant DatCard Systems, Inc., a California corporation, are "direct competitor[s] . . . in the medical imaging

---

[1] *But see* 2-12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.32 (noting that, when a district court's venue decision turns on a factual issue, the defendant should bear the burden of proof because venue is an affirmative defense).

Case No. 1:08-CV-1885
Gwin, J.

field." [Doc. 1-1 at 2-3.] Codonics sells both dry diagnostic medical imagers and CD/DVD disc publishers. [Doc. 1-1 at 2.] Codonics markets the CD/DVD disc publishers under the Virtua name. Codonics also provides film and media for use with its products. [Doc. 1-1 at 3.] Defendant DatCard sells a competing imager under the Smartline name and a competing CD/DVD medical image disc publisher under the PacsCube name. [Doc. 1-1 at 3-4.]

On January 18, 2008, DatCard filed a patent infringement action against Codonics in the United States District Court, Central District of California saying that Codonics's Virtua CD/DVD disc publishers infringed DatCard's patent No. 7,302,164 (the "'164 patent"). [Doc. 14-2, Ex. A.] The '164 patent is titled "System and Method for Producing medical Image Data Onto Portable Digital Recording Media." [Doc. 14-2, Ex. A at 3.] In response to the infringement claim, Codonics filed a request for reexamination of the '164 patent in the United States Patent and Trademark Office. [Doc. 48-18, Ex. 17 at 3-4.] On January 30, 2009, the USPTO granted Codonics's request for reexamination. [Doc. 48-18, Ex. 17 at 3-4.] The district court in California has stayed that litigation pending the resolution of the reexamination. [Doc. 48-18, Ex. 17 at 3-4.]

Around six and one half months after DatCard sued Codonics for patent infringement in California, on August 6, 2008, Codonics sued DatCard in this Court saying DatCard falsely advertised its PacsCube and Smartline products in violation of the Lanham Act, 28 U.S.C. § 1125(a)(1)(B).[2/] [Doc. 1-1.] Codonics says that DatCard advertises its PacsCube and Smartline products "as being particularly suited for medical applications." [Doc. 1-1 at 3.] According to Codonics, however, DatCard's products are not suitable for use in the medical field because both

---

[2/] In its complaint, Codonics also claims that DatCard's conduct constitutes (1) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), (2) deceptive trade under Ohio Revised Code §§ 4165.01-.04, and (3) unfair competition under Ohio common law. [Doc. 1-1 at 8-9.]

-3-

Case No. 1:08-CV-1885
Gwin, J.

lines of products include component parts that "can cause harm to patients in medical facilities." [Doc. 1-1 at 5.]

Relevant to its choice of a venue, in its Complaint, Codonics says that "DatCard's assertions in marketing [its products] have deceived . . . a substantial segment of its consumers . . . and such deception has influenced or is likely to influence consumers' purchasing decisions." [Doc. 1-1 at 6.] Because of this deception in marketing, "Codonics' existing customers . . . are replacing Codonics' products with DatCard's competing products." [Doc. 1-1 at 6.] Codonics sought discovery to prove these allegations as they relate to the Northern District of Ohio.

In discovery, Codonics found that DatCard had several connections with this district. First, at least one sales employee had visited customers in this district exchanged emails with customers in this district. [Doc. 45 at 9-10.] Second, DatCard had sent mass mailings advertising to hospitals in Ohio, which included hospitals in this district. Third, DatCard had maintained a website advertising its products that was accessible from this district. [Doc. 45 at 11-12.] Fourth, DatCard had "delivered one PacsCube system to an existing customer in January, 2008," [Doc. 11 at 2,] and had made other sales in this district before that time. [Doc. 45 at 9-10.] Fifth, DatCard has had contact with Ohio customers to provide technical support and warranty services. [Doc. 45 at 10.]

DatCard moved to dismiss this case for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406, or, alternatively, to transfer this case to the Central District of California under 28 U.S.C. §1404(a). [Doc. 11.] This Court will address each argument in turn.

### III. Motion to Dismiss for Improper Venue

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the district court "shall dismiss" the case. 28 U.S.C. § 1406(a); *see also* FED. R. CIV. P. 12(b)(3). Under the general

-4-

Case No. 1:08-CV-1885
Gwin, J.

venue statute, 28 U.S.C. § 1391(b),

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). In responding to the motion to dismiss, Codonics says that venue is proper under subpart (2) because "a substantial part of the events or omissions giving rise to the claim occurred" in the Northern District of Ohio.[3/]

In deciding whether a plaintiff's chosen venue is appropriate under § 1391(b), district courts must decide whether the district has a "substantial connection." *See First of Michigan Corp. v. Bramlet, 141 F.3d 260, 264 (6th Cir. 1998)*. The district court, however, need not compare the connection of its district to the connection of other districts or decide what district has the most substantial connection. *See id.* Generally, "most courts are quite lenient in finding that a substantial part of the events occurs in a district." 14D WRIGHT & MILLER § 3806.1.

In deciding whether a district has a substantial connection to a trademark infringement action, courts have held that "venue may be proper in each jurisdiction where infringement is properly alleged to have occurred. At a minimum, the defendant must have targeted its marketing and advertising efforts at the district in question *or have actually sold its products there*." *Metropolitan Opera Ass'n, Inc. v. Naxos of Am., Inc.*, No. 98 Civ. 7858 (DAB), 2000 WL 987265, *3 (S.D.N.Y. July 18,

---

[3/] Codonics also argued that venue was proper under subpart (1). Section 1391(c) says that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Codonics says that, under the above described facts, DatCard is subject to personal jurisdiction in the Northern District of Ohio. Because this Court holds below that venue is proper under subpart (2), this Court need not address this argument.

Case No. 1:08-CV-1885
Gwin, J.

2000) (emphasis added). Courts also consider "whether sales occur [in the district], and whether the defendant actively targeted the district for advertising or other sales-related purposes . . . ." 14D WRIGHT & MILLER § 3806.1. In deciding venue in tort actions, courts also look to "where the harms were felt," but "the suffering of economic harm within a district is not sufficient without more . . . ." 14D WRIGHT & MILLER § 3806.1.

Here, Codonics has alleged (and has pointed to discovery supporting) sufficient facts to justify venue in the Northern District of Ohio. Codonics has felt the economic harm of DatCard's allegedly breaching activity in its headquarters in this district. DatCard has made sales in this district, and the allegedly false advertising materials from the website were available in this district.

In moving for dismissal, DatCard notes it did not place the offending language that Codonics notes in its Complaint on the website until "sometime in late 2007 or early 2008." [Doc. 11 at 5.] DatCard suggests that this Court should, therefore, only look to DatCard's contact with this district that occurred after 2007 or 2008.[4/] This argument, however, unduly narrows Codonics's claims. In its Complaint, Codonics says that DatCard's "marketing material" contains false statements and uses the online material as an "example." [Doc. 1-1 at 3.] Additionally, even DatCard admits that it may have made sales in this district after it posted the allegedly false advertising materials on its website. [Doc. 20-1 at 2 ("It cannot be determined whether the purchase order for the system was generated before or after the purportedly offending materials were placed on the website.").]

Codonics has not shown that DatCard has made most (or even many) of the sales based on the allegedly false marketing material in this district. But § 1391(b) and Rule 12(b)(3) do not require

---

[4/] DatCard also relies on the statute of limitations in Lanham Act claims to limit the scope of this Court's review. DatCard has not yet answered the Complaint, and this Court will not rely on DatCard's intention to make this defense in deciding this motion.

-6-

Case No. 1:08-CV-1885
Gwin, J.

such a showing to survive a motion to dismiss for improper venue. Instead, Codonics must show that "a substantial part of the events or omissions giving rise to the claim occurred," 28 U.S.C. § 1391(b), in this district. Codonics has made this showing. Accordingly, this Court **DENIES** DatCard's motion to dismiss for improper venue.

### IV. Motion to Transfer Venue

"[I]f venue is proper, a plaintiff's choice of forum is given substantial weight." 14D WRIGHT & MILLER § 3801. Under 28 U.S.C. § 1404(a), however, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When ruling on a motion to transfer pursuant to 28 U.S.C. § 1404(a), this Court will consider the following factors:

> (1) The convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*McCuiston v. Hoffa*, 313 F. Supp. 2d 710, 719 (E.D. Mich. 2004). This Court will not transfer unless convenience and the interests of justice "strongly favor transfer." 14D WRIGHT & MILLER § 3801.

In opposing transfer, Codonics notes that (1) it is headquartered in this district, (2) many potential witnesses that have purchased DatCard's products are located in Ohio, and (3) witnesses related to the suitability of DatCard's products for medical uses are spread throughout the country. [Doc. 45 at 20.]

In moving for transfer, DatCard (1) points to the currently stayed patent infringement litigation in California, and (2) says that materials and witnesses related to the allegedly infringing

-7-

Case No. 1:08-CV-1885
Gwin, J.

advertising are located in California. [Doc. 11 at 13-14.] These two reasons are insufficient to disturb Codonics's choice of a district.

First, in assessing the propriety of a transfer, the Supreme Court has noted the efficiency of trying separate claims in a single district when "both claims [are] between the same parties, and relate to the same incident." *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 20-21 (1960) (internal quotations omitted). But the false advertising claims and the patent infringement claims, although involving the same parties, do not involve the same incident or incidents.

Second, only part of the relevant materials and witnesses are located in California. [Doc. 11 at 14-15.] DatCard's witnesses and writings related to the marketing are likely in California, but other witnesses are more spread out.  Purchasing witnesses are located in this district and others.  While DatCard has pointed to an affidavit saying that "sales have been made to companies within the Central District of California," DatCard has brought forth no evidence suggesting that the sales in California are substantially outnumber the sales in this district.  [Doc. 13.]  DatCard has shown support for its argument that it would be more convenient of it to litigate this claim in California, but this showing is not enough to justify transfer.

As noted above, when venue is proper, a district court should give weight to a plaintiff's choice in a venue.  Here, DatCard has failed to justify disturbing Codonics's choice in a venue. Accordingly, this Court **DENIES** DatCard's motion to transfer venue.

### V. Conclusion

For the reasons stated above, this Court **DENIES** Defendant DatCard's motion to dismiss

Case No. 1:08-CV-1885
Gwin, J.

or transfer.

    IT IS SO ORDERED.


Dated: April 22, 2009            s/ *James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED   STATES   DISTRICT   JUDGE