UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | |
|---|---|
| CODONICS, INC., | : |
| | : CASE NO. 1:08-CV-1885 |
| Plaintiff, | : |
| vs. | : OPINION & ORDER |
| | : [Resolving Doc. No. 60.] |
| DATCARD SYSTEMS, INC., | : |
| Defendant. | : |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Codonics, Inc. moves this Court under its inherent authority and Local Rule 7.1(i) for an award of the attorney's fees and costs that it incurred responding to Defendant DatCard Systems, Inc.'s motion to dismiss or transfer venue. [Doc. 60.]

In resolving this motion for fees, this Court must decide whether Defendant DatCard "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Chambers v. NASCO, Inc.*, 501 U.S. 32 45-46 (1991) (citations and internal quotations omitted), or acted in a manner that was "tantamount to bad faith," *First Bank of Marietta v. Harftord Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002) (citations and internal quotations omitted). [Doc. 60.]

Because DatCard's conduct does not rise to this level, this Court **DENIES** Plaintiff Codonic's motion for fees and costs.

**I. Background**

Case No. 1:08-CV-1885
Gwin, J.

Plaintiff Codonics and Defendant DatCard are "direct competitor[s] . . . in the medical imaging field." [Doc. 1-1 at 2-3.] On January 18, 2008, Defendant DatCard filed a patent infringement action against Codonics in the United States District Court, Central District of California saying that Codonics's products infringed on its patent.

Around six and one half months after DatCard sued Codonics for patent infringement in California, on August 6, 2008, Codonics sued DatCard in this Court alleging false advertising in violation of the Lanham Act, 28 U.S.C. § 1125(a)(1)(B).[1] [Doc. 1-1.]

In its Complaint, Plaintiff Codonics did not specify any connection to this district, except to say that Codonics has its principal place of business in this district. [Doc. 1-1 at 2.] Instead, Plaintiff Codonics pointed to allegedly false marketing materials on Defendant DatCard's website. [Doc. 1-1 at 3-5.]

Defendant DatCard moved to dismiss this case for improper venue, or, alternatively, moved to transfer the case to the United States District Court for the Central District of California. [Doc. 11.] Defendant said that venue was improper because the events causing Codonics's injury were not connected to this district. [Doc. 11 at 7-8.] In saying that this Court should dismiss, DatCard said that it had only sold one product in Ohio after the allegedly false materials had been posted to its webiste. [Doc. 11 at 7-8.] In alternatively saying that this Court should transfer, DatCard said adjudication of this action in California, along with the patent-infringement action, would be more convenient to parties and witnesses. [Doc. 11 at 10-15.]

Codonics sought discovery to prove these allegations as they relate to the Northern District

---

[1] In its complaint, Codonics also claims that DatCard's conduct constitutes (1) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), (2) deceptive trade under Ohio Revised Code §§ 4165.01-.04, and (3) unfair competition under Ohio common law. [Doc. 1-1 at 8-9.]

Case No. 1:08-CV-1885
Gwin, J.

of Ohio. In moving for attorney's fees, Codonics says that "Defendant unduly limited the scope of its review (temporally, geographically, substantively, and legally) in asserting alleged facts in support of the Motion to Dismiss." [Doc. 60 at 5.] Because of the allegedly evasive discovery responses and DatCard's assertion that it had only sold one product in this district "since creation of the product Brochures which contain the allegedly false or misleading statements," [Doc. 20-1 at 2,] Plaintiff Codonics says that it is entitled to recoup its fees and costs spent in defending the motion to dismiss or transfer venue.

## II. Shifting Fees

A court can impose sanctions under its inherent powers when: (1) a party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Chambers*, 501 U.S. at 45-46 (citations and internal quotations omitted), or (2) a party acted in a manner that was "tantamount to bad faith," *First Bank of Marietta*, 307 F.3d at 517 (citations and internal quotations omitted). The Supreme Court has cautioned, however, that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44 (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)).

Local Rule 7.1(i) informs litigants that "[f]iling a frivolous motion . . . may result in the imposition of appropriate sanctions including the assessment of costs and attorneys' fees against counsel and/or the party involved." L.R. 7.1.

In *Kleinmark v. St. Catherine's Care Center*, 585 F. Supp. 2d 961, 966-67 (N.D. Ohio 2008), the court offered examples of conduct that the Sixth Circuit has held warranted sanctions under a court's inherent authority: threatening and harassing a party to force a settlement, *id.* (citing *First Bank of Marrieta*, 307 F.3d at 517); continuously attempting to evade a court's order or injunction,

Case No. 1:08-CV-1885
Gwin, J.

*id.* (citing *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 642 (6th Cir. 2006)); or having a history of forum shopping and abusing the legal process, *id.* (citing *Mitan v. Int'l Fidelity Ins. Co.*, 23 Fed. Appx. 292, 294-95, 298-99 (6th Cir. 2001).[2/]

Plaintiff Codonics has not shown that Defendant DatCard's conduct in this litigation warrants sanctions. In its Complaint, Plaintiff supported its allegations of false advertising with quotations from Defendant's website materials. DatCard initially limited its discovery responses to those contacts it had with this district after the publication of the allegedly false materials to its website. In moving to dismiss for improper venue, DatCard said that it had only one sale in this district after the publication of the allegedly false materials on the website.

Plaintiff Codonics says that this motion warrants a sanction of shifting fees because its discovery produced several other contacts with this district:

> First, at least one sales employee had visited customers in this district exchanged emails with customers in this district. Second, DatCard had sent mass mailings advertising to hospitals in Ohio, which included hospitals in this district. Third, DatCard had maintained a website advertising its products that was accessible from this district. Fourth, DatCard had "delivered one PacsCube system to an existing customer in January, 2008," and had made other sales in this district before that time. Fifth, DatCard has had contact with Ohio customers to provide technical support and warranty services.

[Doc.58 at 4 (citations omitted).]

The subsequent discovery of several contacts with this district does not show that Defendant DatCard's grounds for moving to dismiss for improper venue warrant sanctions. Plaintiff says that the discovery of additional contacts shows that Defendant failed to investigate before filing this motion. [Doc. 60 at 5-6.] Defendant, however, does not have the burden of establishing venue.

---

[2/] This list is intended as illustrative and not exhaustive.

-4-

Case No. 1:08-CV-1885
Gwin, J.

When a defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. *MedQuist MRC, Inc. v. Dayani*, 191 F.R.D. 125, 127 (N.D. Ohio 1999), and the Plaintiff's Complaint did not show any connection between this district and the facts that for the basis for this action.

Additionally, Defendant argued for dismissal on venue grounds in conjunction with an argument to transfer this action on venue grounds. Defendant asked this Court to transfer venue to the Central District of California, where the patent-infringement litigation was already pending between these same parties. Although, the Court also denied this motion, Defendant's conduct was not in bad faith or tantamount to bad faith.

Thus, the Court exercises "restraint and discretion" and declines to grant Plaintiff Codonics's an award of attorneys' fees and costs in this matter. *See Chambers*, 501 U.S. at 44.

### III. Conclusion

For the reasons stated above, this Court **DENIES** the Plaintiff Codonics's motion for attorney's fees and costs.

IT IS SO ORDERED.

Dated: June 3, 2009                s/      *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE