UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                        :

CODONICS, INC.,                       :
                                                       :         CASE NO. 1:08-CV-1885

          Plaintiff,           :

vs.                                     :         OPINION & ORDER
                                                       :         [Resolving Doc. Nos. 38, 39.]

DATCARD SYSTEMS, INC.,          :

          Defendant.        :
                                                       :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Plaintiff Codonics and Defendant DatCard jointly move this Court for a protective order and confidentiality agreement. [Doc. 39.] Separately, Plaintiff Codonics had also move for a protective order to filed documents under seal. [Doc. 38.] The two motions ask for the same relief: Plaintiff seeks an order allowing it to file under seal "Defendant's purchase orders and related correspondence which include customer and pricing information," and "Defendant's technical support tracking data which includes customer information." [Doc. 38 at 1.]

        In resolving these motions, this Court must balance the parties interests in maintaining the confidentiality of certain information and the public's interest in an open access to court proceedings. Because the public's interest in open access to court proceedings is strong and because the parties have not made the showing required to outweigh this interest, this Court **DENIES** the both motions.

## I. Background

        Plaintiff Codonics, headquartered in the Northern District of Ohio, and Defendant DatCard, a California corporation, are "direct competitor[s] . . . in the medical imaging field." [Doc. 1-1 at 2-

Case No. 1:08-1885
Gwin, J.

3.] Codonics sells both dry diagnostic medical imagers and CD/DVD disc publishers. [Doc. 1-1 at 2.] Codonics markets the CD/DVD disc publishers under the Virtua name. Codonics also provides film and media for use with its products. [Doc. 1-1 at 3.] Defendant DatCard sells a competing imager under the Smartline name and a competing CD/DVD medical image disc publisher under the PacsCube name. [Doc. 1-1 at 3-4.]

On January 18, 2008, DatCard filed a patent infringement action against Codonics in the United States District Court for the Central District of California saying that Codonics's Virtua CD/DVD disc publishers infringed DatCard's patent No. 7,302,164 (the "'164 patent"). [Doc. 14-2, Ex. A.] The '164 patent is titled "System and Method for Producing medical Image Data Onto Portable Digital Recording Media." [Doc. 14-2, Ex. A at 3.] In response to the infringement claim, Codonics filed a request for reexamination of the '164 patent in the United States Patent and Trademark Office. [Doc. 48-18, Ex. 17 at 3-4.]

On August 6, 2008, Codonics sued DatCard in this Court saying DatCard falsely advertised its PacsCube and Smartline products in violation of the Lanham Act, 28 U.S.C. § 1125(a)(1)(B). [Doc. 1-1.] Codonics additionally claimed that DatCard's conduct constituted (1) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), (2) deceptive trade under Ohio Revised Code §§ 4165.01-.04, and (3) unfair competition under Ohio common law. [Doc. 1-1 at 8-9.] Codonics complained that DatCard advertises its PacsCube and Smartline products "as being particularly suited for medical applications." [Doc. 1-1 at 3.] According to Codonics, however, DatCard's products are not suitable for use in the medical field because both lines of products include component parts that "can cause harm to patients in medical facilities." [Doc. 1-1 at 5.]

-2-

Case No. 1:08-1885
Gwin, J.

## II.  Legal Standard & Analysis

The Federal Rules of Civil Procedure vest a trial court with the authority to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." upon a showing of good cause.  FED. R. CIV. P. 26(c).  A trial court can, in its sound discretion, grant a motion for a protective order.  *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996).

In deciding whether to grant a protective order, a district court must balance the parties' competing interests and compare the hardships of granting or denying the request.  *York v. Am. Med. Sys., Inc.,* No. 97-4306, 1998 WL 863790, at *4 (6th Cir. Nov. 23, 1998).  The movant bears the burden of demonstrating that the balancing of hardships weighs in his favor.  *Nix v. Sword*, 11 Fed. Appx 498, 500 (6th Cir. 2001).

When deciding whether to grant a protective order, a district court must also remain aware that its discretion to issue protective orders is "limited by the careful dictates of [Federal Rule of Civil Procedure] 26 and 'is circumscribed by a long-established legal tradition' which values public access to court proceedings."  *Procter & Gamble,* 78 F.3d at 227 (citing *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n,* 710 F.2d 1165, 1177 (6th Cir. 1983)).  Unwarranted secrecy of court documents precludes the public's right to act as an important check on the judicial system's integrity.  *Brown & Williamson.* 710 F.2d at 1179.  For this reason, a presumption in favor of public access to judicial records exists.  *See, e.g. In re Perrigo Co.*, 128 F.3d 430, 447 (6th Cir. 1997).

Even if the parties agree to the terms of a protective order, the district court should not permit them "to adjudicate their own case based upon their own self-interest.  This is a violation not only of Rule 26(c) but of the principles discussed in *Brown & Williamson." Procter & Gamble,* 78 F.3d

Case No. 1:08-1885
Gwin, J.

at 227. The district court "cannot abdicate its responsibility to oversee the discovery process and to determine whether filings should be made available to the public. It certainly should not turn this function over to the parties . . . ." *Id.*; *see also Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993).

To prevail on a request to seal information in a court's records, the movant must therefore make a specific showing that disclosure of the information would result in serious competitive or financial harm. *Tinman v. Blue Cross & Blue Shield of Mich.*, 176 F. Supp. 2d 743, 745 (E.D. Mich. 2001).; *see also Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991); *Fed. Trade Comm'n v. Standard Mgt. Corp.*, 830 F.2d 404, 412(1st Cir. 1987); *Brown & Williamson*, 710 F.2d at 1180. The Court has adopted this requirement and therefore demands that the movant for a protective order show substantial personal or financial harm before the Court will seal any documents.

This Court operates as a public forum, not as a private dispute resolution service, *United States v. Ford*, 830 F.2d 596, 599 (6th Cir. 1987), that, in deciding whether to allow civil litigants to file records under seal, must consider "the rights of the public, an absent third party" to which the Court ultimately is accountable, *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985).

The proposed protective order is too generalized and unspecific. The parties have not shown how the public dissemination of the allegedly confidential information would cause the parties (or other entities or persons) substantial and improper personal or financial harm.

Before infringing on the public's right to an open court system, this Court requires more than an agreement between the parties. The parties must make a specific showing that certain documents,

-4-

Case No. 1:08-1885
Gwin, J.

or in rare cases, certain categories of documents are properly shielded from public view. While some of the documents that the parties intended their proposed order to cover should be kept confidential, the parties have failed to carry their burden in the instant motion. *See Tinman*, 176 F. Supp. 2d at 745.

Of course, the Court does not bar the parties from freely entering into private confidentiality agreements with respect to disclosure of documents and information. Nor does the Court intend to prevent the Parties from moving to seal an individual document in the file, provided they make the required particularized showing.

### III. Conclusion

For the abovementioned reasons, the Court **DENIES** the parties' motions for a protective order. [Docs. 38 and 39.]

IT IS SO ORDERED.

Dated: August 13, 2009                          s/      *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED   STATES   DISTRICT   JUDGE