UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------

CODONICS, INC.                          :
                                        :
            Plaintiff,                  :        CASE NO. 1:08-CV-1885
                                        :
      v.                                :        OPINION & ORDER
                                        :        [Resolving Doc. Nos. 109 & 116.]
DATCARD SYSTEMS, INC.                   :
                                        :
            Defendant.                  :
                                        :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this opinion and order, the Court resolves Defendant DatCard Systems, Inc.'s motion

to stay these proceedings, or in the alternative to bifurcate the damages issue and stay the damages

proceedings, pending the conclusion of the United States Patent and Trademark Office's

reexamination proceedings and the patent infringement action pending in the Northern District of

California.  [Doc. 109.]  For the following reasons, the Court **DENIES** the Defendant's motion.

Plaintiff Codonics, Inc. and Defendant DatCard are adversaries in two actions currently

pending in federal court: this action, containing Codonics's claims against DatCard for false

advertising in violation of the Lanham Act, and an action pending in the Northern District of

California (the "infringement action"), containing DatCard's claims against Codonics for

infringement of a patent held by DatCard.

In 2008, Codonics successfully petitioned the United States Patent and Trademark Office

("PTO") for reexamination of several claims of the DatCard patent at issue in the infringement

Case No. 1:08-CV-1885
Gwin, J.

action.  [Doc. 109, Ex. 1 at 2.]  Then in February 2009, Codonics successfully moved the federal

court in California to stay the infringement action pending the conclusion of the PTO reexamination

proceedings.  [*Id.* at 3.]

Now, DatCard asks this Court to stay this action, saying several of its affirmative defenses

depend on the validity of the patent at issue in the PTO reexamination proceedings and the

infringement action.  [Doc. 109 at 3-4 (claiming entitlement "to setoff against any purported

damages suffered by Codonics the damages DatCard has suffered due to Codonics' infringement of

the 164 Patent") (emphasis deleted).]  DatCard's proposed stay would last until both the PTO

reexamination proceedings and the infringement action have concluded.  [*Id.* at 1.]  In the alternative,

DatCard asks this Court to bifurcate the damages issues in this case and stay the damages

proceedings until both the PTO reexamination proceedings and the infringement action have

concluded.  [*Id.* at 1.]

Federal trial courts have the power to stay proceedings, even for an indefinite period of time.

*See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936).  "This power springs from the inherent

authority of every court to control the disposition of its cases."  *Cherokee Nation of Okla. v. United

States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997).  A trial court's discretion is not, however, absolute.

*Landis*, 299 U.S. at 257.  Rather, courts must "weigh competing interests and maintain an even

balance" in deciding whether to stay proceedings. *Id* at 255.  Moreover, a trial court "is not required

to stay judicial resolution in view of [a pending Patent and Trademark Office] reexamination[]."

*Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001).

In this case, the Court finds that the competing interests weigh against staying the action or

bifurcating the damages issue.  Although this action and the infringement action involve the same

-2-

Case No. 1:08-CV-1885
Gwin, J.

parties, they do not involve the same claims, transaction or occurrence.  The only patent issue present

in this case is DatCard's "affirmative defense" claiming an entitlement to setoff in the amount of the

damages it suffered as a result of Codonics's infringement of the '164 Patent.  Although DatCard

labels this setoff claim an "affirmative defense," it is really a severable permissive counterclaim

because it is not limited by the size of Codonics's claim in this case.  *See, e.g.*, 6 Charles Alan

Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1426.  Thus, because

this case involves different issues from the PTO reexamination proceeding and the infringement

action, there is no justification for staying this action to await the outcome of those proceedings.  *See,*

*e.g.*, *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341-42 (Fed. Cir. 1998).

Accordingly, for the foregoing reasons, the Court **DENIES** DatCard's motion to stay these

proceedings, or in the alternative, to bifurcate the damages issue and stay the damages proceedings.

IT IS SO ORDERED.


Dated: October 1, 2009                                    s/          *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE